## Stuart v. Washington County Retirement Board

*George B. Stegenga,* for plaintiff.
*George Retos, Jr.,* for defendant.

RODGERS, *J.,* March 20, 1981—Plaintiff Harvey Stuart, has brought his petition for declaratory judgment against defendants, members of the Washington County Retirement Board, claiming that as a retired member of the Washington County retirement system he is entitled to the additional sum of $42.98 per month for the period from January 1, 1964, to January 1, 1969; and the sum of $4.94 per month from January 1, 1969, to June 1, 1978, when this suit was filed, or a total amount of 3,137.02.

At the hearing on January 16, 1981, plaintiff also claimed that he was entitled to an unspecified additional sum because of the alleged failure of defendants to credit him with a contribution in the amount of $81.71, which he claimed he made in December of 1956.

For reasons stated, plaintiff's claim for the sum of $3,137.02 is dismissed with prejudice and the claim for the unspecified sum on account of the alleged payment of $81.71 is dismissed without prejudice.

The Washington County retirement system began on May 1, 1946, pursuant to the Fourth Class County Retirement Law of July 8, 1941, P.L. 298, 16 P.S. § 11561 et seq., since repealed by the Act of August 31, 1971, P.L. 410, sec. 32(2), 16 P.S. § 11682(2).

Both the Fourth Class County Retirement Law and the County Pension Law of August 31, 1971, P.L. 398, 16 P.S. § 11651 et seq., provide for a retirement allowance or pension made up of two separate shares. The county annuity is derived from contributions made by the county and interest

earnings thereof whereas the member's annuity is derived from contributions made by the member, interest earnings thereof.

Plaintiff, Stuart, retired on or about January 7, 1964. Initially, his retirement allowance was computed as follows (defendants' exhibit A (exhibit 2):

### "ORIGINAL RETIREMENT BENEFIT FIGURES—OPTION NO. 1

| Member's Annuity | | | | | | Monthly Payment |
|---|---|---|---|---|---|---|
| Accumulated Deductions Life Annuity Factor | | | × | | | |
| $7,857.04 | × | | .00865 | | | = $ 67.96 |
| County Annuity | | | | | | |
| Class | × | Final Salary | × | Service | | |
| 1/120 | × | $9,972.48 | × | 4 | = 332.42 | |
| 1/100 | × | $9,972.48 | × | 14 | = 1,396.15 | |
| | | | | | 1,728.57/12 | = $144.05 |
| Prior Service | | | | | | |
| 8/18 | × | $1,728.57 | | | = 768.25/12 | = $ 64.02 |
| Total "No Option" Monthly Payment | | | | | | $276.03 |
| Option No. 1 = 79.31% × 276.03 | | | | | | $218.92" |

Plaintiff's own contributions to his retirement at that time entitled him to a monthly payment of $67.96 based upon a monthly life annuity factor of .00865 (based upon age 65 plus at retirement) or about ten percent per year on his accumlated contributions of $7,857.04.

The county's share of the retirement allowance until January 1, 1950, was computed on the basis of one-one twentieth, or five-sixth of one percent of the member's final average salary, multiplied by the number of years of service.

On January 1, 1950, the county's share was increased to one-one hundredth, or one percent of the member's final average salary, times the years of service.

Initially, the county's share of plaintiff's monthly pension was computed at $144.05 based upon four years of service between 1946 and 1950 in the one-one twentieth class, and 14 years of service in the one-one hundredth class.

Under the Fourth Class County Retirement Law, 16 P.S. §11566, the percentage of the member's salary to be contributed to the retirement system was determined by the actuary, but the percentage increased if the member transferred to a class with higher benefits.

Plaintiff's percentage rate for contributions apparently varied from 5.49 percent to 6.59 percent until his retirement (plaintiff's exhibit 7).

Under the County Pension Law, the minimum percentage contribution to a member in the class of one eightieth is seven percent: 16 P.S. §11657.

Plaintiff was also given credit for eight years prior service before the retirement system was established, which added the sum of $64.02 per month to the county annuity, or a total no option monthly payment of $276.03.

On December 7, 1963, (plaintiff's exhibit 5), plaintiff made an additional contribution of $906.69 to his annuity on fees received as additional compensation, but there was no change in his final average salary of $9,972.48.

In accordance with the then controller's letter of March 10, 1964, (defendants' exhibit A [exhibit 3]), the member's accumulated deductions were increased by the sum of $906.69, but there was no change in the county annuity.

Accordingly, the first revision of plaintiff's retirement benefit using option no. 2 was an increase in the monthly payment on account of the member's annuity from $67.96 to $75.81.

In May, 1964, plaintiff recomputed his fees (de-

fendants' exhibit A (exhibit 5)), (plaintiff's exhibit 6) and made an additional member's contribution of $272.36.

As a result, the second revision of his retirement benefit (defendants' exhibit A [exhibit 6]) showed an increase of $272.36 in the member's accumulated deductions, and also showed an increase in the final average salary from $9,972.48 to $10,799.08. Accordingly, the monthly payment attributable to the member's annuity increased from $75.81 to $78.16, and the county annuity, on a no option basis, from $208.07 to $225.32 as of January 1, 1964. Therefore, plaintiff was receiving a retirement allowance or pension in the amount of $171.92, computed on the basis of four years' service in the one-twentieth class, and 14 years of service in one-one hundredth class, and option no. 2 as selected by plaintiff.

About April 16, 1964, defendant retirement board authorized transfer, retroactive to January 1, 1964, to the one-eightieth class in accordance with a 1953 amendment to the Fourth Class County Retirement Law, 16 P.S. § 11566, but the retirement allowance was still computed on the class rate for service prior to the time of transfer: 16 P.S. § 11572.

On July 10, 1968, the Fourth Class County Retirement Law was again amended, Act of July 10, 1968, P.L. 315, adding a section 17.2(a) as follows:

"When the board has adopted the one eightieth (1/80) class, the county may, in the case of an employe who has retired or who retires in the future and has his monthly allowance calculated under the one one-hundredth (1/100) class, increase their share of such employe's monthly allowance by twenty-five per centum and in the case of employe who has his allowance calculated under the one

one-hundred twentieth (1/120) class, increase their share of such employe's monthly allowance by fifty per centum."

On July 1, 1969, the County Retirement Board exercised the option provided by Act 153, increasing the share of the county annuity to the one eightieth class, that is one and one-quarter percent of the member's final average salary, applicable both to active and retired members.

The action of the Retirement Board was made retroactive to January 1, 1969. Accordingly, there was a third revision of plaintiff's retirement allowance (defendants' exhibit A [exhibit 7]). The monthly payment attributable to the member's share remained at $78.16. However, the county annuity, based upon the member's active service for four years in the one-one twentieth class, increased from $359.97 per year to $539.95 per year, an increase of 50 percent, and for the 14 years of service in the one-one hundredth class increased from $1,511.87 per year to $1,889.84 per year, an increase of 25 percent, in accordance with Act 153. The monthly payment for prior service, a part of the county annuity, which was a composite of both the one-one twentieth class and the one-one hundredth class, increased from $831.93 per year to $1,079.91 per year, an increase of about 30 percent.

Plaintiff has selected option no. 2 and his total retirement allowance, including both the member's monthly annuity and the county's monthly annuity, increased from $171.92 to $209.96 and has since been increased by a cost of living adjustment.

It is apparent from the foregoing discussion that the Retirement Board has followed precisely the dictates of Act 153. Plaintiff's claim that he should have received a 25 percent increase from $171.92

to $214.30 has the appeal of simplicity, but it is obviously in error. It is an attempt to interpret Act 153 to increase the amount of the member's own annuity, which was not affected by Act 153. The act clearly states that it authorizes an increase only in the county's share of the employe's monthly allowances. By virtue of Act 153, although plaintiff has made his contributions on the basis of being a member of the one-one twentieth class for four years and the one-one hundredth class for 14 years, he has been receiving increased benefits as a member of the one eightieth class since January 1, 1969.

It is, therefore, clear that plaintiff's claim that he is entitled to an additional sum of $42.98 per month for the period from January 1, 1964 to January 1, 1969, and to an additional $4.94 per month since January 1, 1969, is without merit, and the court will dismiss plaintiff's claim with prejudice.

Plaintiff's prayer for relief in his petition relates only to his claim that he was entitled to a 25 percent increase in his retirement allowance. At the hearing of January 16, 1981, plaintiff introduced evidence that he had also allegedly made a payment of $81.71 to the retirement fund in December of 1956, for which he had not received credit.

This court cannot go beyond plaintiff's prayer for relief in the unamended complaint. See Szukics, Inc. v. Althouse, 58 D. & C. 2d 654 (1972). The matter of the alleged payment of the sum of $81.71 is, therefore, dismissed without prejudice.

## DECISION OF THE COURT

And now, March 20, 1981, plaintiff's petition for judgment against the Washington County Retirement Board and/or the Washington County Employees Retirement System in the amount of

$3,137.02 is refused; the court finds in favor of defendants and against plaintiff, and plaintiff's claim is dismissed with prejudice.

Plaintiff's request at hearing that defendants be required to grant him credit for the sum of $81.71, allegedly paid by plaintiff to the retirement fund, is dismissed without prejudice.